■ CITRIN FURNITURE CORP., Appellant, v ROYAL GLOBE INSURANCE COMPANY, Respondent. — In an action to recover the proceeds of an insurance policy, plaintiff appeals from an order of the Supreme Court, Kings County (Scholnick, J.), dated November 18, 1980, which, *inter alia,* purported to deny its motion to vacate its default. Order modified, on the law, by (1) deleting the provision which denied the plaintiff's motion to vacate its default (said motion having previously been granted by order dated Oct. 27, 1980) and (2) adding a provision granting defendant's motion to dismiss the complaint. As so modified, order affirmed, with $50 costs and disbursements to defendant. By orders dated June 25, 1979, September 14, 1979, and January 29, 1980, plaintiff was directed to answer certain interrogatories and to supply defendant with other material. Upon plaintiff's failure to comply, defendant moved pursuant to CPLR 3126 to dismiss the complaint. Defendant also moved, *inter alia,* to compel plaintiff to execute a copy of an examination before trial. On October 21, 1980, an order was issued granting defendant's motion to dismiss on default (Jordan, J.). Subsequently, by order dated October 27, 1980 (Jordan, J.), the default was vacated and the defendant's motions were restored to the calendar at Special Term. In issuing the order from which the instant appeal is taken, Special Term erroneously believed that it was entertaining plaintiff's earlier motion to vacate, and the court purported to deny that motion. It thereupon deemed defendant's motion concerning discovery and the examination before trial to have been withdrawn "in view of the order dismissing the plaintiff's complaint". No mention was made of the defendant's motion to dismiss apparently because of the court's belief that the order dismissing the action was still extant. However, as noted, the dismissal order (dated Oct. 21) had, in effect, been vacated when the court granted plaintiff's motion to vacate its default (by order dated Oct. 27). Thus, Special Term should have passed upon the merits of the defendant's motions. Nevertheless, in its decision purporting to deny plaintiff's motion to vacate, Special Term observed that "[t]he record is replete with the failure and refusal of the plaintiff to obey lawful orders of this court." It is thus clear that, had the court passed upon the merits of the defendant's motion to dismiss, it would have granted the motion and dismissed the action. Since we conclude that that would have been a

proper result, we take that action now. Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.